FILED IN CHAMBERS
U.S.D.C. Atlanta

AUG 17 2010

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL INDICTMENT |
| v. | : |
| ENCRE DALONE STYLES | : NO. 1:10-CR-347 |

THE GRAND JURY CHARGES THAT:

## COUNT 1
### Conspiracy to Commit Access Device Fraud
### 18 U.S.C. § 1029(b)(2)

1.  From in or about May 2007 through in or about July 2009, in the Northern District of Georgia and elsewhere, the defendant, ENCRE DALONE STYLES (hereinafter referred to as "defendant STYLES"), knowingly and willfully combined, conspired, confederated, agreed, and had a tacit understanding with Dana J. Cooper and with other persons known and unknown to the Grand Jury to commit access device fraud by:

    (a)  knowingly and with intent to defraud trafficking in and using one or more unauthorized access devices to obtain things of value aggregating $1,000 or more during a one-year period, thereby affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2; and

    (b)  knowingly and with intent to defraud possessing 15 or more unauthorized access devices, thereby affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

OBJECT AND PURPOSE OF THE CONSPIRACY

2.  The object and purpose of the conspiracy was for defendant STYLES and his co-conspirators to unjustly enrich themselves through the sale and use of unauthorized access devices.

MANNER AND MEANS OF THE CONSPIRACY

3.  At all times material to this Indictment, Dana J. Cooper was employed by an animal clinic in Sandy Springs, Georgia, where she had access to confidential financial information belonging to clients, including credit card numbers and security codes, which could be used to obtain money, goods, services, and other things of value, and which could be used to initiate a transfer of funds.

4.  Dana J. Cooper surreptitiously acquired, copied, and misappropriated 15 or more credit card numbers and security codes belonging to clients of the animal clinic where she worked.

5.  Dana J. Cooper sold these stolen credit card numbers and security codes to defendant STYLES for a total of approximately $1,500 to $2,000 in cash.

6.  Defendant STYLES used the stolen credit card numbers and security codes that he acquired from Dana J. Cooper to purchase approximately $112,000 worth of merchandise from various Lowe's and Home Depot stores in the Atlanta area.

7.  In addition, defendant STYLES purchased approximately 100 stolen credit card numbers and security codes from Guled Abdullahi Mohamed and Cleveland Walker, which defendant STYLES used to

2

purchase approximately $136,978.71 worth of merchandise from various Lowe's and Home Depot stores in the Atlanta area.

8. In addition, defendant STYLES obtained from an unknown source account numbers and other confidential financial information pertaining to numerous Home Depot commercial charge accounts, which defendant STYLES used to purchase approximately $535,414.40 worth of merchandise from various Home Depot stores in the Atlanta area.

9. Defendant STYLES sold much of this fraudulently obtained merchandise on the black market for approximately 50% of its retail value.

## OVERT ACTS

10. In furtherance of the conspiracy, and to achieve the object and purpose thereof, defendant STYLES and his co-conspirators committed the following overt acts, among others, in the Northern District of Georgia and elsewhere:

(a) On or about May 3, 2009, Dana J. Cooper surreptitiously acquired, copied, and misappropriated from her place of employment Visa card # 8339[1] and security code # 792 belonging to B.H., and Visa card # 0029 and security code # 275 belonging to M.W. and S.W.

(b) On or about June 22, 2009, defendant STYLES used Visa card # 8339 and security code # 792 belonging to B.H. to

---

[1] All financial account numbers referred to in this Indictment have been redacted to the last four digits.

3

purchase approximately $2,924.45 worth of merchandise from Lowe's store # 01715 in East Point, Georgia.

(c) On or about June 22, 2009, defendant STYLES used Visa card # 8339 and security code # 792 belonging to B.H. to purchase approximately $2,689.05 worth of merchandise from Lowe's store # 01875 in Atlanta, Georgia.

(d) On or about May 21, 2009, defendant STYLES used Visa card # 0029 and security code # 275 belonging to M.W. and S.W. to purchase approximately $2,145.66 worth of merchandise from Home Depot store #6977 in Ellenwood, Georgia.

(e) On or about May 21, 2009, defendant STYLES used Visa card # 0029 and security code # 275 belonging to M.W. and S.W. to purchase approximately $2,841.86 worth of merchandise from Home Depot store #153 in Marietta, Georgia.

All in violation of Title 18, United States Code, Section 1029(b)(2).

**NOTICE TO DEFENDANT CONCERNING CRIMINAL FORFEITURE**

11. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendant is hereby notified that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statutes.

12. Upon conviction of the offense set forth in Count 1 of this Indictment, in violation of Title 18, United States Code,

Sections 371, defendant shall forfeit to the United States of America:

   (a)   pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s); and

   (b)   pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

   13.   If any of the property described above, as a result of any act or omission of the defendant:

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code,

Sections 982(b)(1) and 1029(c)(2), and Title 28, United States Code, Section 2461(c). All pursuant to Title 18, United States Code, Sections 1029(c)(1)(C), 982(a)(2)(B), and 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A _TRUE_ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

J. RUSSELL PHILLIPS
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar Number 576335

600 United States Courthouse
75 Spring Street, SW
Atlanta, GA 30303
Telephone: (404) 581-6000
Fax: (404) 581-6181

6