IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ENCRE DALONE STYLES,<br>Movant, | :: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO.<br>1:10-CR-347-CAP-LTW |
| | :: | |
| UNITED STATES OF AMERICA,<br>Respondent. | :: | CIVIL ACTION NO.<br>1:12-CV-1839-CAP-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Movant is confined at the federal prison in Yazoo City, Mississippi. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 14 in 1:10-cr-347-CAP-LTW.) Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. The undersigned has examined Movant's § 2255 motion and the record of prior proceedings in this case and finds it plainly apparent that Movant is not entitled to relief.

On February 23, 2011, Movant pled guilty, pursuant to a negotiated plea

agreement, to one count of conspiring to commit access device fraud in connection with stolen financial account information. (Docs. 1, 10, 10-1.) Movant's plea agreement contained a limited waiver of appeal, which bars him from challenging his conviction or sentence via direct appeal or a § 2255 motion. (Doc. 10-1 at 9-10.) On May 5, 2011, the Court sentenced Movant to sixty months in prison, three years of supervised release, and restitution in the amount of $784,335.86. (Doc. 13.) Movant did not appeal the judgment and did not otherwise challenge his conviction or sentence until he filed his § 2255 motion. (Doc. 14 at 2.)

Movant placed his § 2255 motion in the prison mail system on May 21, 2012, for delivery to the Court. (*Id.* at 6.) The motion is therefore deemed filed on that date. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1325 (11th Cir. 2001) (pro se prisoner filings are deemed filed in federal court on date given to prison officials for mailing). Movant asserts one claim in his § 2255 motion. (*Id.* at 3-5.) Movant alleges that the Court erred in ordering him to pay restitution without holding a separate hearing or making specific findings regarding the actual loss to the victims of his crimes and his ability to pay restitution. (*Id.*) Movant asks the Court to "vacate its order of restitution and remand this case at a later date for a restitution hearing." (*Id.* at 5.)

It is plainly evident that Movant's § 2255 motion is untimely and barred by the

appeal waiver in his plea agreement. Thus, Movant is not entitled to relief under § 2255.

A one-year statute of limitations applies to a § 2255 motion. 28 U.S.C. § 2255(f). The limitations period runs from the date on which the judgment of conviction becomes final, unless unlawful government action impeded the filing of the § 2255 motion, the movant asserts a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, or the movant discovered facts supporting the claim that could not have been discovered earlier with due diligence. *Id.* None of the latter situations apply here, so the one-year limitations period began on the date Movant's judgment of conviction became final.

A judgment of conviction becomes final when all appeals have been decided or the time to seek further review has expired. *Close v. United States*, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In cases where the government does not appeal, as in this case, a criminal defendant has fourteen days from the date his judgment of conviction is entered to file an appeal with the circuit court of appeals. Fed. R. App. P. 4(b)(1)(A). The Court entered Movant's judgment of conviction on May 5, 2011. (Doc. 13.) Movant thus had until May 19, 2011, to file a notice of appeal. Movant did not file an appeal, so his judgment of conviction became final, and § 2255's one-

3

year statute of limitations commenced on May 19, 2011. Moreover, the limitations period ended on May 19, 2012.[1] As noted above, Movant filed his § 2255 motion on May 21, 2012, two days after the statute of limitations expired. (Doc. 14 at 6.) Movant's § 2255 motion is therefore untimely.

A federal court can consider the merits of an untimely § 2255 motion only if the movant establishes that he is actually innocent of the crime for which he was convicted or that the limitations period should be equitably tolled. *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The actual innocence exception is exceedingly narrow in scope, and the [movant] must demonstrate that he is factually innocent rather than legally innocent." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (quotation marks omitted). The limitations period may be equitably tolled only if the movant demonstrates that his delay in filing his § 2255 motion resulted from extraordinary circumstances outside his control and that he exercised reasonable diligence in pursuing his rights. *Holland v. Florida*, 130 S. Ct. 2549, 2562, 2565

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run," i.e., the same day of the same month in the following year. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (quotation marks omitted).

(2010). Movant does not contend that either limited exception to untimely § 2255 filings applies here.

Even if Movant's § 2255 motion were timely, it is barred by the appeal waiver Movant agreed to when he pled guilty in this case. Movant "voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground" unless the Court upwardly departed from the applicable sentencing guideline range or the government appealed. (Doc. 10-1 at 9-10.) Neither of those latter events occurred. Movant further stated in his plea agreement: "I understand that the appeal waiver . . . will prevent me, with the narrow exceptions stated, from . . . challenging my conviction and sentence in any post-conviction proceeding." (*Id.* at 12.)

An appeal waiver like the one in Movant's plea agreement will be enforced if it is made knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Movant does not challenge his guilty plea or contend that he did not knowingly and voluntarily execute the plea agreement containing the appeal waiver. (Doc. 14.) Movant challenges only the restitution component of his sentence. (*Id.*)

5

The appeal waiver in his plea agreement bars that challenge, even if he had timely asserted it. *See Williams*, 396 F.3d at 1341.

Based on the foregoing reasons, the undersigned **RECOMMENDS** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [14] be **DENIED** under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts and that civil action number 1:12-cv-1839-CAP-LTW be **DISMISSED**. *See Day v. McDonough,* 547 U.S. 198, 209-10 (2006) (holding that district courts may sua sponte dismiss habeas petitions after affording the parties fair notice).[2] The undersigned further **RECOMMENDS** that Movant be **DENIED** a certificate of appealability because it is not reasonably debatable that his § 2255 motion is untimely and barred by the appeal waiver in his plea agreement. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 5 day of June, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] This Report and Recommendation provides such notice and, as indicated in the attached Order for Service, an opportunity for the parties to file any objections.